
ORIGINAL

FILED
07 AUG 30 PM 3:53
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Joseph R. Saveri (State Bar No. 130064)
*jsaveri@lchb.com*
Eric B. Fastiff (State Bar No. 182260)
*efastiff@lchb.com*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Christopher E. Coleman
*ccoleman@lchb.com*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
One Nashville Place
150 Fourth Avenue, North
Suite 1650
Nashville, TN 37219-2423
Tel: 615-313-9000
Fax: 615-313-9965

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEJ

| | |
|---|---|
| AMY BRICKER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOREAN AIR LINES CO., LTD., and ASIANA AIRLINES, INC.,<br><br>Defendants. | Case No. C 07 4508<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 1**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Amy Bricker ("Plaintiff"), by and through her undersigned attorneys, brings this civil action on behalf of herself and all others similarly situated, seeking compensatory, statutory, and exemplary damages and injunctive relief, against defendants Korean Air Lines Co., Ltd. ("Korean Air") and Asiana Airlines, Inc. ("Asiana") (collectively, "Defendants"), pursuant to Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1 (the

"Sherman Act"), and Sections 4 and 16 of the Clayton Antitrust Act of 1914, 15 U.S.C. §§ 15 and 26 (the "Clayton Act"). Plaintiff demands a trial by jury for all issues so triable.

**NATURE OF THIS ACTION**

1. This case arises out of a long-running international conspiracy, beginning no later than January 1, 2000 and continuing until at least July 16, 2006 (the "Class Period"), among Defendants and their co-conspirators with the purpose and effect of eliminating and suppressing competition by fixing wholesale and passenger fares charged for air travel between the United States and Korea. As a result of Defendants' illegal behavior, wholesale and passenger fares for flights between the United States and Korea were artificially inflated.

2. Plaintiff seeks treble damages and attorneys' fees and costs under the antitrust laws of the United States on behalf of herself and all others similarly situated who purchased passenger air transportation from Korean Air or Asiana during the Class Period.

**JURISDICTION AND VENUE**

3. Plaintiff brings this action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for treble damages and injunctive relief as well as reasonable attorneys' fees and costs of suit, for Defendants' violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, and by Section 4 of the Clayton Act, 15 U.S.C. §§ 15(a).

5. Venue is proper in this District under 15 U.S.C. §§ 15(a) and 22 and 28 U.S.C. § 1391(b), (c), and (d), because during the Class Period, the Defendants resided, transacted business, were found, or had agents in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred, and a substantial portion of the affected interstate trade and commerce described below was carried out, in this district.

6. The activities of the Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

7. This Court has personal jurisdiction over Defendants and their co-conspirators because, *inter alia*, each: (a) transacts business in this district; (b) has agents in this district; (c) has substantial aggregate contacts with this district; and (d) engaged in an illegal price-fixing conspiracy that was directed at, and had the intended effect of causing injury to, persons and entities residing in, located in, or doing business throughout the United States, including in this district.

## PARTIES

### Plaintiff

8. Plaintiff Amy Bricker is a resident of San Francisco, California, and purchased air transportation from Korean Air during the Class Period for travel between the United States and Korea. Plaintiff was injured in his business or property as a result of the violations alleged herein, in that the prices paid for air transportation between the U.S. and Korea were artificially inflated as a result of the Defendant's conduct alleged herein.

### Defendants

9. Defendant Korean Air Lines Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea and has its principal place of business in Seoul, South Korea. During the Class Period, Defendant was engaged in the business of providing air transportation services for passengers located in the United States and elsewhere, including San Francisco, California.

10. Defendant Asiana Airlines, Inc., is a corporation organized and existing under the laws of the Republic of Korea and has its principal place of business in Seoul, South Korea. During the Class Period, Defendant was engaged in the business of providing air transportation services for passengers located in the United States and elsewhere, including San Francisco, California.

11. The identity of each of Defendants' co-conspirators is not known with certainty to Plaintiff at this time.

**CLASS ACTION ALLEGATIONS**

12.     Plaintiff brings this action on behalf of herself and, pursuant to Rule 3 of the Federal Rules of Civil Procedure, as a representative of a class (the "Class" or "Plaintiff Class") defined as:

> All persons or entities the United States who or that, between January 1, 2000 and July 16, 2006, purchased passenger air transportation from Defendants or any predecessor, subsidiary or affiliate thereof for travel between the United States and Korea.
>
> Excluded from the class are the Defendants; the officers, directors or employees of any Defendant; any parent, predecessor, subsidiary, affiliate, legal representative, heir or assign of any Defendant; any federal, state, or local governmental entities; any judicial officer presiding over this action and the members of his or her immediate family and judicial staff; and any juror assigned to this action.

13.     The Class is so numerous and geographically dispersed that joinder of each of the members of the Class would be impracticable.

14.     There are questions of law and fact which are common to the claims of Plaintiff and the Class, which predominate over questions affecting only individual Class members. These common questions, include, but are not limited to:

    a.     Whether Defendants combined, agreed, and/or conspired with their co-conspirators to fix, raise, maintain, and/or stabilize the prices for wholesale and air passenger fares charged for flights between the United States and Korea;

    b.     Whether the purpose and/or effect of the acts alleged herein was to restrain trade, or to affect, fix, control, and/or maintain the prices for passenger fares charged for flights between the United States and Korea;

    c.     The existence and duration of the horizontal agreements alleged herein to fix, raise, maintain, and/or stabilize the prices for passenger fares charged for flights between the United States and Korea;

    d.     Whether Defendants were members of, or participants in, the contract, combination and/or conspiracy alleged herein;

    e. Whether Defendants took steps to conceal the conspiracy from Plaintiff and the members of the Class;

    f. Whether Defendants' agents, officers, employees, or representatives participated in correspondence and meetings in furtherance of the illegal conspiracy alleged herein, and, if so, whether such agents, officers, employees, or representatives were acting within the scope of their authority and in furtherance of Defendants' business interests;

    g. Whether, and to what extent, the conduct of Defendants caused injury to Plaintiff and members of the Class, and, if so, the appropriate measure of damages; and

    h. Whether Plaintiff and members of the Class are entitled to injunctive relief.

  15. Plaintiff's claims are typical of the claims of the members of the Class, in that Plaintiff's and all members of the Plaintiff Class were damaged by the same wrongful conduct of the Defendants.

  16. Plaintiff will fairly and adequately assert and protect the interests of the members of the Plaintiff Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the other members of the Plaintiff Class.

  17. Plaintiff is represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

  18. The questions of law and fact which are common to the claims of the Plaintiff and the Plaintiff Class predominate over questions, if any, that may affect only individual members of the Class because, among other reasons, Defendants have acted on grounds generally applicable to the entire Class.

  19. This class action would preclude the potential for inconsistent or contradictory individual judgments that would dispose of or impair the interests of other prospective Class members not parties to individual litigation. This class action would establish compatible and consistent standards of conduct for Defendant.

20. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

21. Class action treatment is the superior method for the fair and efficient adjudication of this controversy because, among other reasons, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender. The Class is readily definable and is one for which records exist in the files of Defendants. The benefits of proceeding by means of class action, including providing injured persons or entities with a method for obtaining redress on claims that it might not be practicable to pursue individually, substantially outweigh the difficulties, if any, which may arise in the management of this case as a class action.

## FACTUAL ALLEGATIONS

22. During the Class Period, there was a continuous and uninterrupted flow of passenger air transportation in interstate and international commerce throughout the United States and internationally.

23. During the Class Period, Defendants and their co-conspirators provided interstate and international air transportation for passengers, including air transportation between the Korea and the United States.

24. During the Class Period, Defendants sold or caused to be sold tickets for passenger air transportation on flights between the United States and Korea. Defendants' published fares included a base fare and, at times during the Class Period, a fuel surcharge.

25. Beginning no later than January 1, 2000, and continuing through at least July 16, 2006, Defendants and their co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the price for passenger air fares (both the base fare and fuel surcharges) charged for flights between the United States and Korea.

26. As part of their conspiracy, and in furtherance thereof, Defendants and their co-conspirators did those things that they conspired to do, including the following:

a. Participating in meetings, conversations and communications in the United States and elsewhere to discuss one or both components of the passenger air fares (the base fare and the fuel surcharge) to be charged for flights between the United States and Korea;

b. Agreeing during such meetings, conversations and communications, on one or both components of the passenger air fares (*i.e.*, the base fare and the fuel surcharge) to charge on flights between the United States and Korea;

c. Levying passenger air fares on flights between the United States and Korea in accordance with the agreements reached; and

d. Engaging in meetings, conversations, and communications in the United States and elsewhere for the purpose of monitoring and enforcing adherence to the agreed-upon passenger fares and wholesale fares.

27. Defendants' conduct led the United States Department of Justice ("DOJ") to launch an investigation into the conspiracy, which resulted in criminal charges being filed against Korean Air in United States District Court for the District of Columbia on August 1, 2007.

28. The same day, August 1, 2007, Korean Air agreed to plead guilty to violating Section 1 of the Sherman Act, 15 U.S.C. § 1, by participating in the price fixing conspiracy alleged herein.

29. On August 23, 2007, the United States District Court for the District of Columbia accepted Korean Air's guilty plea and ordered Korean Air to pay a criminal fine of $300 million.

30. As part of its plea agreement, Korean Air admitted, "[i]n furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of another trans-Pacific airline. During these discussions and meetings, agreements were reached to fix one or both components of the passenger fares on flights from the United States to Korea and to fix wholesale fares on "H" class passenger tickets to the Korean ethnic travel market in the United States from certain airports in the United States

to Korea." On information and belief, Asiana is the other trans-Pacific airline with which Korean Air conspired.

31. Defendants' unlawful activities, as described herein, have directly and substantially affected interstate commerce in that Defendants and their co-conspirators have deprived Plaintiff and the Plaintiff Class of free and open competition in the business of passenger air transportation.

32. By reason of the violations of the Sherman Act as alleged herein, Plaintiff and the other members of the Class paid more for the passenger air transportation for flights between the United States and Korea than they would have paid in the absence of the illegal combination and conspiracy and, as a result, they have been injured and have suffered damages.

33. As a direct and proximate result of the Defendants' conspiracy, Plaintiff and each member of the Plaintiff Class have been injured and damaged.

## CONCEALMENT

34. Throughout and beyond the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff. Defendants and their co-conspirators conducted their conspiracy in secret and limited knowledge of the conspiracy to high-level executives of the Defendants. Defendants and their co-conspirators concealed the true nature of their unlawful conduct, and acts in furtherance thereof, through various means and methods to avoid detection.

35. Plaintiff and members of the Plaintiff Class did not discover, and could not have discovered through the exercise of reasonable diligence, the existence of the conspiracy alleged herein until Korean Air's agreement to plead guilty to criminal antitrust charges on August 1, 2007.

36. As a result of the active concealment of the conspiracy by Defendants and their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

**COUNT I**

**VIOLATION OF SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1**

37. Plaintiff, on behalf of herself and all others similarly situated, realleges and incorporates by reference the preceding paragraphs 1 through 36 as if fully set forth herein, and further alleges against Defendants as follows.

38. Beginning at least as early as January 1, 2000 and continuing thereafter at least until July 16, 2006, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators entered into and engaged in a continuing agreement, contract, combination, and conspiracy to restrain trade or commerce by affecting, fixing, controlling and/or maintaining, at artificial and non-competitive levels, the prices of tickets for air passenger transportation between the United States and Korea in unreasonable restraint of interstate and international trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

39. For the purpose of forming and implementing the alleged conspiracy, Defendants and their co-conspirators did those things that they conspired to do, including but not limited to the following:

a. Participating in meetings, conversations, and communications in the United States and elsewhere to discuss one or both components of the passenger air fares (the base fare and the fuel surcharge) to be charged for tickets for flights between the United States and Korea;

b. Agreeing during such meetings, conversations and communications, on one or both components of the passenger air fares (*i.e.*, the base fare and the fuel surcharge) to charge for tickets for flights between the United States and Korea;

c. Levying passenger air fares on flights between the United States and Korea in accordance with the agreements reached; and

d. Engaging in meetings, conversations, and communications in the United States and elsewhere for the purpose of monitoring and enforcing adherence to the agreed-upon passenger fares and wholesale fares.

40. The combination and conspiracy alleged herein has had the following effects, among others:

a. Price competition in the sale of tickets for air passenger transportation between the United States and Korea has been restrained, suppressed and/or eliminated throughout the United States;

b. Prices for tickets for air passenger transportation between the United States and Korea have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

c. Plaintiff and members of the Plaintiff Class have been deprived of the benefit of free and open competition.

41. As a direct and proximate result of the illegal combination, trust, agreement, understanding and concert of action, Plaintiff and the Plaintiff Class have been injured in their business and property in that they paid more for tickets for air passenger transportation between the United States and Korea than they would otherwise have paid in the absence of Defendants' unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A. That the Court determine that the claim alleged herein under the Sherman Act, 15 U.S.C. § 1, may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and direct that reasonable notice be given to members of the Class;

B. That the unlawful conduct, contract, conspiracy, or combination alleged herein be adjudged and decreed to be a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

C. That Plaintiff and the Plaintiff Class recover damages, as provided by law, and that a joint and several judgment in favor of the Plaintiff and the Plaintiff Class will be entered against the Defendants in an amount to be trebled in accordance with applicable laws;

D. That Plaintiff and members of the Plaintiff Class be awarded pre- and post-judgment interest, and that that interest be awarded at the highest legal rate from and after the date of service of the initial complaint in this action;

E. That Plaintiff and members of the Plaintiff Class recover the costs of this suit, including reasonable attorneys' fees, as provided by law;

F. That Defendants be enjoined from continuing the unlawful combination and conspiracy alleged herein; and,

G. That Plaintiff and the Plaintiff Class be granted such other, further, and different relief as the nature of the case may require or as may be deemed just, equitable and proper by this Court.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

Dated: August 30, 2007

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
*jsaveri@lchb.com*
Eric B. Fastiff (State Bar No. 182260)
*efastiff@lchb.com*
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Christopher Coleman
*ccoleman@lchb.com*
One Nashville Place
150 Fourth Avenue, North
Suite 1650
Nashville, TN 37219-2423
Tel: 615-313-9000
Fax: 615-313-9965

*Attorneys for Plaintiff and the Proposed Class*